UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID BEESON, on behalf of himself and others similarly-situated, | ) ) ) ) | COLLECTIVE ACTION – FAIR LABOR STANDARDS ACT |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO: 1:20-cv-252 |
| C-CAT, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff, David Beeson ("Beeson"), on behalf of himself and others similarly-situated (hereinafter collectively referred to as "Plaintiffs," unless otherwise identified), bring this cause of action against Defendant, C-Cat, Inc. ("Defendant"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and § 251 et. seq.

## PARTIES

2. Beeson has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation operating in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5. Plaintiffs are former and current employees of Defendant who have worked as Service Technicians and are/were "employees" within the meaning of 29 U.S.C. §203(e).

6. Defendant is an "employer" within the meaning of 29 U.S.C. §203(d).

7. At all times relevant to this action, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203.

8. At all relevant times, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that enterprise has had an annual gross volume of sales made or business done of not less than $500,000.

9. Beeson brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and other similarly-situated Service Technicians who have been employed by Defendant during the applicable statutory period. (See Consent Form attached as Exhibit A.)

10. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

11. Defendant hired Beeson in or about May 2016. He remained employed by Defendant until in or about October 2019.

12. Beeson held the position of Service Technician at all relevant times.

13. Defendant paid Beeson on an hourly basis.

14. Beeson's primary duty was installing and maintaining cable and related equipment for customers of Defendant.

15. Defendant employs and has employed other Service Technicians during the applicable statutory period.

16. The primary duty of Service Technicians is to install and maintain cable and other related equipment for Defendant's customers.

17. Defendant has paid other Service Technicians on an hourly basis.

18. Beeson worked on projects requiring travel from Defendant to worksites within and outside of the Marion County, Indiana area, including Virginia, Georgia, and Maryland.

19. Before traveling to the worksites, Beeson reported to Defendant to pick up equipment, supplies, and/or personnel for the worksites.

20. Beeson routinely and regularly drove and/or rode in company vehicles to transport the equipment, supplies, and/or personnel to the worksites.

21. Defendant has not compensated Beeson for all travel time between Defendant and the worksites.

22. Beeson's travel time was an integral and indispensable part of the principal activities for which he was hired by Defendant to perform, constituted work performed for Defendant, and served as a measurable benefit to Defendant.

23. Other Service Technicians have worked on projects requiring travel from Defendant to worksites within and outside of the Marion County, Indiana area.

24. Before traveling to the worksites, other Service Technicians have reported to Defendant to pick up equipment, supplies, and/or personnel for the worksites, including Virginia, Georgia, and Maryland.

25. Other Service Technicians have routinely and regularly driven and/or ridden in company vehicles to transport the equipment, supplies, and/or personnel to the worksites.

26. Defendants have not compensated other Service Technicians for all travel time between Defendant and the worksites.

27. The travel time of other Service Technicians has been an integral and indispensable part of the principal activities for which they were hired by Defendant to perform, constituted work

performed for Defendant, and served as a measurable benefit to Defendant.

28. Beeson regularly and routinely worked more than 40 hours per week performing work on Defendant's behalf.

29. Other Service Technicians have regularly and routinely worked more than 40 hours per week performing work on Defendant's behalf.

30. Beeson did not receive overtime compensation for all hours worked beyond 40 hours per week.

31. Other Service Technicians have not received overtime compensation for all hours worked beyond 40 hours per week.

32. The overtime hours spent by Beeson have constituted work performed for Defendant and have served as a measurable benefit to Defendant.

33. The overtime hours spent by other Service Technicians have constituted work performed for Defendant and have served as a measurable benefit to Defendant.

34. Defendant failed to pay overtime wages to Beeson for the time spent by him beyond 40 hours per week, resulting in unpaid overtime.

35. Defendant has failed to pay overtime wages to other Service Technicians for the time spent by them beyond 40 hours per week, resulting in unpaid overtime.

## FAIR LABOR STANDARDS ACT

36. Plaintiffs hereby incorporate paragraphs 1-35 of their Complaint.

37. Defendant has failed to compensate Plaintiffs for all overtime wages earned by them.

38. Plaintiffs have suffered injury as a result of Defendant's unlawful conduct.

39. Defendant's actions have been intentional, willful, and in reckless disregard of

Plaintiffs' rights as protected by the FLSA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, by counsel, respectfully request that this Court find for them and:

1. Manage and oversee the class of Service Technicians who wish to opt into this collective action so as to assure that joinder of these individuals is accomplished in an efficient and proper way, including, but not limited to, ordering Defendant to produce a list of names, addresses, locations of employment, employee numbers, and dates of employment of individuals employed as Service Technicians at any time during the preceding three (3) years and authorizing David Beeson to send notices to Service Technicians to notify them of this action and of their rights;

2. Order that Defendant pay to Plaintiffs all unpaid overtime wages and/or benefits;

3. Order that Defendant pay to Plaintiffs liquidated damages on all unpaid overtime wages and/or benefits;

4. Order that Defendant pay to Plaintiffs pre- and post-judgment interest;

5. Order that Defendant pay Plaintiffs' costs and attorneys' fees incurred in litigating this action; and

6. Order that Defendant provide to Plaintiffs any and all other legal and/or equitable relief that this Court sees fit to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com