UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID BEESON on behalf of himself and others similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:20-cv-00252-JPH-MPB |
| C-CAT, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING CONDITIONAL CERTIFICATION**

Plaintiff David Beeson worked as a service technician installing communications and network cable systems. He has brought a Fair Labor Standards Act ("FLSA") claim against his former employer, Defendant C-Cat, Inc., alleging that C-Cat failed to pay overtime to him and similarly situated employees for time spent traveling on the job. Mr. Beeson has moved to certify the class of employees as a collective action under the FLSA and for production of a list of potential class members. Dkt. [20]. He has also asked for approval of his proposed collective action notice and opt-in consent form. Dkt. [23]. For the reasons below, the Court **GRANTS** Mr. Beeson's motion to conditionally certify the collective action and for production of a service technician list, dkt. [20], and **GRANTS as amended** Mr. Beeson's motion for approval of proposed collective action notice and opt-in consent form, dkt. [23].

1

# I.
# Facts and Background

Mr. Beeson worked on an hourly basis as a service technician for C-Cat, Inc. from May 2016 until about October 2019. Dkt. 21-1 at 1 (Beeson Decl. ¶¶ 1–3). During his employment, he and other service technicians installed communications and network cable subsystems. *Id.* (¶¶ 4–6). The technicians worked on projects requiring travel from C-Cat's location "to worksites within and outside Marion County, Indiana." *Id.* at 2–3 (¶¶ 8, 17). Before traveling to these worksites, they "routinely reported" to C-Cat's location "to pick up equipment, supplies, and/or personnel." *Id.* (¶¶ 9, 18). They also "routinely and regularly" drove and rode in company vehicles to transport these items and personnel. *Id.* (¶¶10, 19)

Mr. Beeson claims that he has not been "compensated for all travel time" between C-Cat's location and the worksites, even though that "travel time was an integral and indispensable part of" his job. *Id.* at 2 (¶¶ 11–12). He states that C-Cat "routinely scheduled [him] to work at least 40 hours per week" and that he "worked multiple weeks more than 40 hours per week." *Id.* (¶ 13). Mr. Beeson alleges that C-Cat "failed to pay [him] for all travel time, resulting in unpaid overtime." *Id.* (¶ 14).

Other service technicians have told Mr. Beeson that they "have not been paid for all travel time" despite having "worked more than 40 hours per week" on an hourly basis. *Id.* at 2–3 (¶¶ 7, 20).

On January 23, 2020, Mr. Beeson sued C-Cat on behalf of himself and similarly situated service technicians alleging that C-Cat failed to properly compensate them in violation of the FLSA. Dkt. 1 at 1. On July 10, 2020, Mr. Beeson moved to certify the following class as a collective action under the FLSA:

> Present and former Service Technicians employed by C-Cat, Inc. for any period of time from three years preceding the Court's Order approving the conditional certification of the collective action to the present, and who have not been paid for all travel time between C-Cat, Inc. and work sites, resulting in time spent working beyond 40 hours per week and unpaid overtime wages.

Dkt. 20 at 1. Mr. Beeson has also asked the Court to approve the proposed collective action notice and opt-in consent form. Dkt. 23. C-Cat opposes both motions. Dkt. 28.

## II.
## Applicable Law

"The Fair Labor Standards Act gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (quoting 29 U.S.C. § 216(b)). Specifically, under 29 U.S.C. § 216(b), employees may "act together to seek redress for violations of the statute's minimum wage and maximum hour provisions." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 705 n.4 (7th Cir. 2020).

District courts have "wide discretion to manage collective actions," *Alvarez*, 605 F.3d at 449, and "commonly apply a two-stage test to determine whether an FLSA claim may proceed as a collective action," *Cobb v. Anthem*

3

*Inc.*, No. 1:20-CV-00820-SEB-DLP, 2020 WL 4351349, at *3 (S.D. Ind. July 27, 2020). At the first stage, the court evaluates conditional classification by determining whether there are potential opt-in plaintiffs who may be similarly situated to the named plaintiffs. *Id.* "To demonstrate that potential opt-in plaintiffs are similarly situated at this stage, the named plaintiffs must make a modest factual showing sufficient to demonstrate that they and the potential opt-in plaintiffs were victims of a common policy or plan that violated the FLSA.'" *Cobb*, 2020 WL 4351349, at *3. Upon finding that the named plaintiff has made this showing, the court may authorize notice be given to similarly situated employees "so that they can make informed decision about whether to participate." *Id.*; *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court."). At the second stage, after the parties have conducted discovery, the court reevaluates the class and a defendant may move to decertify or restrict the conditional class "because putative class members are not in fact similarly situated." *Smith v. Prof'l Transportation Inc.*, No. 3:13-CV-00221-RLY-MPB, 2018 WL 573098, at *8 (S.D. Ind. Jan. 26, 2018).

## III.
## Analysis

### A. Conditional Certification

Mr. Beeson claims that he and certain current and past service technicians are similarly situated both factually and legally. Dkt. 22 at 7. In his affidavit, he states that he and these other individuals had "similar job duties and responsibilities" and that they have the same FLSA claim—that C-Cat "has not paid them for all travel time, resulting in unpaid overtime." *Id.* at 7–8; dkt. 21-1 (Beeson Decl.). C-Cat argues that: (1) the service technicians are not similarly situated because of differences in their schedules, (2) Mr. Beeson has not put forth enough evidence for certification, and (3) certification would not serve the interests of judicial economy. *See* dkt. 28 at 6.

Conditional certification requires the named plaintiff to only "make a modest factual showing sufficient to demonstrate that they and the potential opt-in plaintiffs were victims of a common policy or plan that violated the FLSA." *Cobb,* 2020 WL 4351349, at *3. "The modest factual showing is a lenient burden of proof and is often based only upon the pleadings and any affidavits submitted by the parties." *Kruger v. Arrow Container, LLC*, No. 1:19-CV-1402-JRS-MJD, 2019 WL 6468334, at *1 (S.D. Ind. Dec. 2, 2019). "At this conditional certification stage, courts accept as true the plaintiff's allegations and do not reach the merits of the FLSA claim." *Id.*

Mr. Beeson has put forth evidence showing that he and the other service technicians had the same essential or primary duty, *i.e.*, "the installation of

5

communications and network cable subsystems." Dkt. 21-1 at 1 (Beeson Decl. ¶¶ 4–6). And C-Cat admits that it employed and continues to employ other service technicians who install "communications and network cable subsystems." Dkt. 16 at 5 ¶¶ 15–16; dkt. 1 at 2 ¶¶ 15–16; dkt. 21-1 at 1 (Beeson Decl. ¶ 5). Mr. Beeson also presented evidence that he and the other service technicians engaged in similar business travel and were not paid overtime for time spent traveling between C-Cat worksites. Dkt. 21-1 at 2–3 (Beeson Decl. ¶¶ 7, 17–21); *see Kruger*, 2019 WL 6468334, at *2 (finding coworkers similarly situated based on plaintiff's "first-hand observations" and "conversations with coworkers."). Mr. Beeson has thus made the "modest factual showing" that he and the other service technicians were "victims of a common policy or plan that violated the FLSA." *See Cobb*, 2020 WL 4351349, at *3.

C-Cat contends that Mr. Beeson and the other service technicians are not similarly situated because Mr. Beeson's "hours . . . worked on a given day were often different than those of his teammates, even when assigned to the same project." Dkt. 28 at 6. But the service technicians' schedules need not be identical to satisfy the similarly situated requirement. *See Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 961 (S.D. Ind. 2016) (rejecting the argument that "each potential class member requires substantial individualized inquires" because they spent different amounts of time doing tipped and non-tipped work) (citing *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 849 (N.D. Ill. 2008)). Indeed, "plaintiffs can be similarly situated for purposes of the FLSA

6

even though there are distinctions in their job titles, functions, or pay" so long as "there is evidence that [they] have the same essential responsibility." *Jirak*, 566 F. Supp. 2d at 848–49. And C-Cat admits that Mr. Beeson and the other service technicians had the same essential responsibility. *See* dkt. 16 at 5 ¶¶ 15–16 (admitting that "[t]echnicians are responsible for the installation of communications and network cable subsystems at specific contract facilities under the supervision of a project supervisor").

C-Cat also argues that collective action certification is not warranted because Mr. Beeson "has not made any specific allegations regarding unpaid overtime or travel time," so certification "would create an unwarranted burden for C-Cat." Dkt. 28 at 6. But the Court must accept the veracity of Mr. Beeson's factual allegations, *Kruger*, 2019 WL 6468334, at *1, including his declaration testimony that he and certain other service technicians were not paid for all the hours worked for which they were entitled to compensation. *See* dkt. 21-1 (Beeson Decl. ¶¶ 11–20). No more is required at the conditional certification phase. Moreover, C-Cat's argument goes to the merits of Mr. Beeson's claims, and courts generally "do not reach the merits of the FLSA claim" at the conditional certification stage. *Kruger*, 2019 WL 6468334, at *1.

Last, C-Cat contends that a collective action would not promote judicial economy because "a full trial would need to be conducted with respect to each individual plaintiff" because "[j]urors would have to review each plaintiff's allegations, work history, and weekly schedule." Dkt. 28 at 6. But factual disputes about individual employees' work schedules are "not sufficient to

7

preclude certification at stage one of the analysis," *see Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F.Supp.2d 745, 757 (N.D. Ill. 2011), and C-Cat has not offered any compelling reason why the Court should "deny [p]laintiffs the opportunity to develop a potential class of similarly situated plaintiffs for the sake of judicial economy," *Knox*, 208 F. Supp. 3d at 961.  *See also Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) (discussing efficiency of FLSA collective actions).

Because Mr. Beeson has made the modest showing required for conditional certification, the Court **GRANTS** Mr. Beeson's motion to conditionally certify its collective action, dkt. [20].

### B. Production of Service Technician List

Mr. Beeson asks this court to "order Defendant to produce a list, in electronic format and within 10 days of the Court's Order, of all former and current Service Technicians, who have worked for any period of time from three years preceding the Court's Order approving the conditional certification of the collective action, to the present, including each individual's name, job title, home address, email address, telephone number, and dates of employment." Dkt. [20] at 1; dkt. 22 at 1–2, 10.  Mr. Beeson contends that identification of these Service Technicians is necessary for him "to provide them with notice of the action." Dkt. 22 at 10.  C-Cat has not opposed this request.  *See* dkt. 28.

"[A] district court has the discretion to implement the FLSA's provision allowing employees to opt in and consent to join a collective suit by ordering the defendant employer to supply the names and addresses of potential

8

plaintiffs to whom court-approved notices can be sent advising of the suit and the employee's ability to consent in writing to join the suit." *Oshikoya v. Leidos Health, LLC*, No. 1:17-CV-03237-RLM-DML, 2017 WL 6154428, at *2 (S.D. Ind. Dec. 8, 2017) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989)). And a defendant's failure to respond supports granting a plaintiff's motion for production of a list of potential class members. *See Knox*, 208 F. Supp. 3d at 968 n.5. Because Mr. Beeson has demonstrated that this request will facilitate notice to potential plaintiffs and C-Cat has not opposed the request, the Court **GRANTS** Mr. Beeson's motion, dkt. [20].

### C. Form, Manner, and Timing of Notice

"If the court grants conditional certification of a collective action, the court has discretion to authorize notice to similarly situated employees" and "to prescribe the form, manner, and timing of notice." *Cobb*, 2020 WL 4351349, at *3. C-Cat's proposed modifications to the description of the class and notice are unopposed. *See* dkt. 28 at 7–8; dkt. 29 at 2. The Court finds that the proposed description of the class and notice as modified are appropriate to facilitate putative members' receipt of "accurate and timely notice concerning the pendency of the collective action, so they can make informed decisions about whether to participate." *Cobb*, 2020 WL 4351349, at *3. **IT IS THEREFORE ORDERED** that:

1. Pursuant to 29 U.S.C. § 216(b), this matter is conditionally certified as a Fair Labor Standards Act Collective Action with regard to the collective group described as follows: Present and former Service Technicians

9

employed by C-Cat, Inc. for any period of time from three years preceding the Court's Order approving the conditional certification of the collective action to the present, and who claim[1] they have not been paid for all travel time between C-Cat, Inc. and work sites, resulting in time spent working beyond 40 hours per week and unpaid overtime wages.

2. Within 10 days from the date of this Order, Defendant shall provide Plaintiffs' counsel with a list of certain former and current Service Technicians as described in Mr. Beeson's motion, dkt. 20.

3. Plaintiff is authorized to disseminate notice as described in this order to putative members of the collective group described in paragraph 1 using the approved "FLSA Collective Action Notice" as modified, which was attached to Mr. Beeson's motion. Dkt. 23-1.

4. The parties are to follow the Approved Case Management Plan, dkt. 19, for all other deadlines.

### IV.
### Conclusion

For the reasons above, the Court **GRANTS** Mr. Beeson's motion to conditionally certify its collective action and for production of a list of Service Technicians, dkt. [20], and **GRANTS as modified** Mr. Beeson's motion for approval of proposed collective action notice and opt-in consent form, dkt. [23].

**SO ORDERED.**

Date: 12/18/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] This change reflects C-Cat's uncontested proposed alteration. Dkt. 28 at 7; dkt. 29 at 2.

10

Distribution:

Samuel Mark Adams
JOHN H. HASKIN & ASSOCIATES, LLC
sadams@jhaskinlaw.com

Amanda C. Couture
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
amanda.couture@ogletreedeakins.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES, LLC
jhaskin@jhaskinlaw.com

Jeffrey Wayne Parker, Jr.
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
jeffrey.parker@ogletree.com

Bradley L. Wilson
JOHN H. HASKIN & ASSOCIATES, LLC
bwilson@jhaskinlaw.com